IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL J. HICKS, | ) | No. 08-cv-00511-SPK |
| Plaintiff, | ) | |
| v. | ) | |
| MATTHEW CATE, SECRETARY, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | ) ) ) ) | |
| Defendant. | ) | |

ORDER DENYING MOTION FOR RECONSIDERATION AND REQUEST FOR DISQUALIFICATION

By order filed on April 23, 2009, this Court dismissed the Amended Complaint in this action, but granted 30-days leave to amend. On April 30, 2009, Plaintiff filed a motion for reconsideration of the dismissal. Plaintiff also requested disqualification of the undersigned due to bias or prejudice.

1

I.

The Court DENIES the motion for reconsideration.  Plaintiff points out that the initial complaint was screened earlier by a magistrate judge and was allowed to continue.  The amended complaint, however, is a new complaint and supersedes the original. "[A]fter amendment the original pleading no longer performs any function and is 'treated thereafter as non-existent.'"  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citation omitted).  The Court was obligated to re-screen the amended complaint.  The Court's analysis of the amended complaint regarding the relief sought (treatment in a specific sexually violent predator program) is set forth in the prior order, and repeated in part here.

Plaintiff alleges that he is serving a life sentence and that his has a severe sexual sadism disorder that causes him to be a sexually violent predator ("SVP"). He claims that he has sought SVP treatment and has been denied such treatment because it is not provided by the California Department of Corrections and Rehabilitation.  He claims there is an adequate SVP treatment program in the Department of Mental Health ("DMH"), but that it is only available for persons committed civilly, and not for prisoners serving criminal sentences.  He has sought to be included in the DMH SVP program, or a similar program.  He contends that the lack of SVP programs for prisoners, especially prisoners serving life sentences, is unconstitutional.

Prisoners have no general constitutional right to participate in a specific rehabilitation program. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (indicating that an inmate has no legitimate statutory or constitutional entitlement in eligibility for rehabilitative program sufficient to invoke due process when eligibility decision is discretionary with prison officials).  The Ninth Circuit has likewise held that there is no constitutional right to a prisoner's rehabilitation under

2

the Fourteenth Amendment.  See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985); Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982).  Other circuits have reached the identical conclusion.  See, e.g., Stewart v. Winter, 669 F.2d 328, 336 n.19 (5th Cir. 1982) ("[F]ailure to provide a rehabilitation ... does not, by itself, constitute cruel and unusual punishment."); Fiallo v. de Batista, 666 F.2d 729, 730 (1st Cir. 1981) (holding that inmates have no constitutional right to rehabilitation programs such as treatment for addictions); Solomon v. Benson, 563 F.2d 339, 342 (7th Cir. 1977) ("[A] prisoner has no statutory or constitutional entitlement in classification and rehabilitative programs sufficient to invoke due process.").  Thus, Plaintiff's claim of a constitutionally-protected right to participate in a sex offender treatment program has no legal basis.

Although Plaintiff sometimes appears to couch his claim to a right to SVP treatment as a failure to provide mental health treatment, Plaintiff does not allege specific facts of deliberate indifference to serious medical needs.  Rather, the basis of his suit is the failure to provide SVP treatment for prison inmates while they serve their sentences as contrasted with such treatment provided for civilly-committed persons.

II.

The Court also DENIES the request for disqualification based upon bias.  The Court's ruling is based upon its reading of legal requirements, not on bias or prejudice.  Plaintiff cannot file a request to disqualify after the Court has ruled against him.  See E&J Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1295 (9th Cir. 1997).  "The absence of such a requirement would result in . . . a heightened risk that litigants would use recusal motions for strategic purposes." Preston v. United States, 923 F.2d 731, 733 (9th Cir. 1991).  The request for this Court to disqualify itself is DENIED.

III.

Previously, Plaintiff was given 30 days within which to file a First Amended Complaint to attempt to state a claim. Although 30-days have passed, the Court will allow Plaintiff an additional three weeks from this order to file a First Amended Complaint to attempt to state a claim. If a First Amended Complaint is not timely filed, the action will be closed.

IT IS SO ORDERED.

DATED: June 26, 2009.

_____
Samuel P. King
Senior United States District Judge